UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>JAIME MALDONADO,<br><br>                          Defendant. | Case No. 21-cr-03006-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 88)** |

      The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based on this amendment, Defendant Jaime Maldonado now files a Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). (ECF No. 88). This Court referred the case to the Federal Defender's Office for an evaluation. (ECF No. 89.) Federal Defenders has now filed a status report concluding "the Court can decide the motion on the existing records without further assistance of counsel." (ECF No. 95.)

The Court calculated Defendant's guideline range—after he pled guilty to importing methamphetamine and fentanyl—to be 87–135 months due to a base offense level of 29 and a criminal history category of I. He was a zero-point offender, so, under the new guideline calculations, an additional two-point departure in base offense level would be appropriate, bringing his guideline range to 70–87 months.

However, at sentencing, the Court departed downward an additional four points for a "fast track" equivalent because Defendant pled guilty and waived his right to appeal, and then also departed downward because of Defendant's youth and to avoid unwarranted disparities. With these departures, the Court sentenced Defendant to 46 months in custody concurrent on both counts. (ECF No. 75.) This 46-month sentence would still be below Defendant's new guideline range of 70–87 months even after the guideline amendment is applied.

Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 70 months. Since the Court sentenced Defendant to a lower sentence of 46 months and the same § 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 88) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 5, 2024**

Hon. Cynthia Bashant
United States District Judge